THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN RAMOS CRUZ, *alias* "EL CONGO," Defendant and Appellant.

No. 10702. Argued January 17, 1945.—Decided January 19, 1945.

Lionel *Fernández Méndez, Juan A. Faria, Juan G. Soto,* and *F. Hernández Vargas* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant was convicted of murder in the second degree and sentenced to twenty years' imprisonment in the penitentiary. The three assignments of error on which he bases his appeal will be briefly considered.

In the first it is urged that the lower court erred in not granting a continuance requested by the defendant.

The arraignment of the defendant took place on March 24, 1944. As the accused appeared unassisted by counsel, the court appointed an attorney to represent him at the arraignment and informed him of his right to designate his own counsel, if he so desired. It also cautioned him not to apply for continuances that were not well founded, as the same would not be granted.

On May 1, 1944, the case was set for trial on the 29th of the same month, and the defendant and his attorney were served with notice of such setting. On May 17, Attorney

Samuel R. Quiñones, acting for the accused, filed a motion requesting a postponement of the trial. Said motion was denied, but, through an error, the said attorney was notified that the continuance had been granted. The error was corrected on May 24, 1944, and on that same date Attorney Quiñones withdrew from the case. The defendant then engaged Attorneys Fernández García and Fernández Méndez to represent him. On May 25, Attorney Faría, a member of that law firm, requested a continuance on the ground that one of his associates was ill and the other absent, and that he, Faría, the only available member, would have to be in Mayagüez during May 26 and 27 in order to attend, in the capacity of special prosecuting attorney, a hearing before the Insular Police Commission; and that for this reason, the time at his disposal was insufficient to prepare the defense of the accused. On May 29, upon the case being called for trial, defense counsel again moved for a continuance, which was denied by the court.

The appellant maintains that the court's refusal to grant a continuance deprived the accused of his constitutional right to be assisted by counsel, since the latter did not have available sufficient time to prepare the former's defense.

This court in several decisions has upheld the right of every accused to be allowed sufficient time to prepare his defense, after he has been arraigned and has entered a plea of non guilty. In the case at bar the defendant entered his plea on March 30, 1944, and the trial was set for the 29th of the following May. The accused, therefore, had a period of two months within which to prepare his defense and five days from the time of the withdrawal of Attorney Quiñones to the date on which the trial was held.

We are of the opinion that in the instant case, the lower court did not abuse its discretion in denying the motion for a continuance. Moreover, if any error has been committed on this point, the same could not have prejudiced the

defendant in any way. During the whole of the trial, the defendant was represented by Attorney Faría and by two other attorneys who participated in the proceedings from the start. The transcript of the evidence, which we have carefully examined, has convinced us that the accused has been ably and competently represented. ·

■ In the second assignment, the appellant complains of the ruling of the court excusing a juror. Let us see what happened in this connection as it appears from the record.

During the drawing of the jurors who were to try the accused, the clerk called the juror Pedro Rodríguez Medina, of Río Piedras, who had already called on the judge at chambers and requested that he be excused, stating that he was a merchant, that his two employees were ill, and that in order to be able to come to court he had to leave his establishment in charge of a brother of his who knew nothing about the business. The defendant objected and the court excused the juror after the latter had insisted on his request.

Section 189 of the Code of Criminal Procedure vests a district court with discretionary power to excuse a person who has been summoned to serve as a juror. Such an excuse, of course, should not be granted for a slight or trivial cause or merely to avoid the inconvenience resulting to a juror from his having to leave his business. In the case at bar, the lower court made proper use of its discretion in excusing the juror. The ground set up by the latter was just and sufficient. Besides, an accused is not entitled to be tried by any particular juror.

■ In ruling upon the motion for a continuance, which was presented when the case was called and before the drawing of the jury had started, the court said:

"A previous motion for a continuance has been denied by the court, which now denies the reconsideration sought *and adds that the accused is to be blamed for anything that may happen to him in this case due to his negligence and apathy.*" (Italics ours.)

The appellant urges that the comments which we have underscored above tended to discredit or prejudice the accused in the minds of the jurors.

The record clearly shows that, at the time that the above-quoted comments were made by the judge, the jury had not yet been called nor had the drawing been started. We agree with the appellant that it was not necessary for the judge to express his opinion as to the conduct of the accused in connection with the appointment of counsel to represent him; but, as we stated in the case of *People* v. *Busigó, 63 P.R.R. 967, 971, "the incident was so extraneous to the murder trial that we fail to see how it could influence the jury's verdict." We find nothing in the record to show that the jury did not fulfill its duty to bring in a verdict in accordance with the evidence. And as the latter is amply sufficient to support the verdict rendered in this case, the judgment appealed from should be affirmed.